UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| LE CHEN, | ) | |
|         Plaintiff, | ) | |
| | ) | No. 1:19-cv-651 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| CITY OF LANSING, *et al.*, | ) | |
|         Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Le Chen, proceeding without the benefit of counsel, filed a civil rights action against the City of Lansing, the Lansing Police Department, and two police officers. After Plaintiff filed a second amended complaint (ECF No. 31 Compl.), Defendants filed a motion to dismiss (ECF No. 37). The Court referred the motion to the Magistrate Judge, who issued a report recommending that the Court grant Defendants' motion. (ECF No. 42.) Plaintiff filed objections. (ECF No. 45.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A. False Arrest and Tolling

The Magistrate Judge concludes that Plaintiff's false arrest claim accrued on June 12, 2016, the day he was arrested and arraigned. Plaintiff filed this lawsuit in August 2019. Applying Michigan's three-year statute of limitation, the Magistrate Judge concludes that Plaintiff's false arrest claim is untimely. Plaintiff objects. The Court overrules Plaintiff's objections concerning the false arrest claim.

Plaintiff was arrested, arraigned, and released on bond on June 12, 2016. (Compl. ¶¶ 20-24 PageID.254-55.) His false arrest claim accrued on that day. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1161-63 (6th Cir. 2021). The Court has carefully considered Plaintiff's objections, including his discussion of *Wallace* and *Heck v. Humphrey*, 512 U.S. 477 (1994) and his discussion of *res judicata* and *collateral estoppel*, and finds no error in the findings and recommendations in the report and recommendation.

Plaintiff does assert that his false arrest claim against the municipal defendants did not accrue until May 2018, when he received the Internal Review Report and letter. (*See* Compl. ¶¶ 28-29 PageID.256.) Plaintiff reasons he was not aware that his arrest was conducted in a manner consistent with established policies and procedures until May 9, 2018. This argument would not affect the conclusion that Plaintiff's false arrest claim against the individual defendants accrued in June 2016. Plaintiff does not plead that his arrest was the result of an *unconstitutional* municipal policy, practice or custom. Plaintiff does not describe, in any detail, what the policy or procedure was or why the policy failed. Merely reciting the elements of a claim and relying on unsubstantiated inferences that the policy and procedure

must have been deficient fails to plead the facts necessary to state a claim. And, as the Magistrate Judge concludes, the false arrest claim arises from the lack of probable cause, not compliance with a municipality's customs, policies and procedures.

Plaintiff contends that he has diligently pursued his rights, but extraordinary circumstances prevented him from timely filing the complaint. The Court is not persuaded. The party seeking equitable tolling bears the burden of showing both that he or she acted diligently and that extraordinary circumstances stood in the way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Plaintiff has not established that any extraordinary circumstances prevented him from filing this lawsuit before the statute of limitation expired. Plaintiff has repeatedly argued that he suffered from post-traumatic stress disorder (PTSD), depression and other conditions as a result of his arrest. Mere allegations of a medical condition, and even a medical diagnosis, by itself, does not establish a basis for equitable tolling. The moving party must prove that the condition prevented the party from deliberate decision making or rational thought and thus rendered the party unable to handle his or her own affairs. *Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed. Cir. 2004); *see Ata v. Scutt*, 662 F.3d 736, 741-42 (6th Cir. 2011) (holding that a moving party must show not only the existence of mental condition, but also how that condition caused the failure to meet the filing deadline and explaining that "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations."). Plaintiff admits that he was sufficiently capable of pursuing some remedies because he filed a citizen complaint against one of the individual officers in 2018.

## B. Malicious Prosecution

The Magistrate Judge concludes that Plaintiff failed to plead facts to support the first element for a malicious prosecution claim. The Magistrate Judge finds that Plaintiff was not prosecuted by any named defendant and the allegations in the complaint do not show that any defendant influenced the decision to prosecute. Plaintiff objects. The Court overrules Plaintiff's objection on the malicious prosecution claim.

Plaintiff insists that the individual defendants intentionally hid exculpatory evidence. Plaintiff also argues that Defendants fabricated probable cause by intentionally making false statements and coaching witnesses by asking misleading questions. Plaintiff's complaint, however, does not contain any of these allegations.[1] Plaintiff pleads that Bierer made a false police report; he does not plead Defendants made false statements. (Compl. ¶ 20 PageID.254.) At best, Plaintiff perfunctorily pleads that Defendants fabricated evidence and stated deliberate falsehoods. (*Id.* ¶ 44 PageID.258.) This particular allegation is utterly devoid of any detail. Such naked assertions need not be accepted as true for the purpose of a Rule 12 motions. *See SFS Check, LLC v. First Bank of Delaware,* 774 F.3d 351, 355 (6th Cir. 2014).

## C. Unlawful Seizure

Plaintiff's unlawful seizure claim arises from the conditions imposed as terms of his bond. The Magistrate Judge concludes that Plaintiff has not pled facts to show that

---

[1] Here, and elsewhere in his objections, Plaintiff references the police report. The police report is not part of the record. The contents of the police report are not included in the complaint.

Defendants were responsible for the alleged seizure. Plaintiff objects. The Court overrules Plaintiff's objection on the unlawful seizure claim.

Plaintiff's objection for this claim functionally repeats the arguments he makes to support his malicious prosecution claims. Plaintiff reasons that but for his unlawful arrest and Defendant's fabrication of evidence, he would not have been "seized" when the conditions of bond were set. The Court has concluded that Plaintiff did not sufficiently plead fabrication of evidence or false statements by Defendants.

### D.  Fabrication of Evidence

The Magistrate Judge concludes that Plaintiff fails to plead facts to show that Defendant's fabricated evidence. Plaintiff objects. The Court overrules Plaintiff's objection on the fabrication of evidence claim. Again, in this objection, Plaintiff makes a number of arguments and representations about facts that are not included in the complaint. For a Rule 12 motion, the Court must consider only the well-plead factual allegations in the complaint. *See Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011).

### E.  Equal Protection

The Magistrate Judge concludes that Plaintiff did not sue the individual or entity who is responsible for the conduct giving rise to an Equal Protection claim. Plaintiff objects. The Court overrules Plaintiff's objection on the Equal Protection claim.

The Court finds no error in the findings and conclusion in the report. In his objection, Plaintiff argues he pleads that the Lansing Police Department and Detective Baldwin are responsible for disparate treatment. Plaintiff reasons that because Baldwin works for the Lansing Police Department, he has a plausible claim against the Department.

6

To the extent Plaintiff plead disparate treatment by "Defendants," his allegations are not sufficiently specific. Plaintiff's allegations blame Baldwin, who is not named as a defendant, for his disparate treatment. And, Plaintiff pleads that Baldwin did not act consistent with the Lansing Police Department's protocol. (Compl. ¶ 32 PageID.256.) The Lansing Police Department might be liable based on its customs, policies and procedures, but it cannot be held liable for the conduct of its employees on a theory of respondeat superior.

For these reasons, the Court **ADOPTS**, as its Opinion, the Report and Recommendation. (ECF No. 42.) The Court **GRANTS** Defendants' motion to dismiss. (ECF No. 37.) The Court concludes that any appeal would be frivolous and would not be taken in good faith. **IT IS SO ORDERED.**

Date:   August 6, 2021                             /s/  Paul L. Maloney
                                                                                            Paul L. Maloney
                                                                                            United States District Judge